*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-09-00690-CR

**IN RE** Jason **MIEARS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed: November 11, 2009

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On October 26, 2009, relator, Jason Miears, filed a petition for writ of quo warranto, seeking to compel the sheriff to "respond to why he is abusing his power in [allegedly] censoring legal mail concerning writs of mandamus." We conclude this court does not have jurisdiction to grant the requested relief.

By statute, this court has the authority to issue writs of mandamus only against certain judges and all other writs necessary to enforce this court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). Accordingly, we have no jurisdiction to issue a writ against a sheriff unless the

---

[1] This proceeding arises out of Cause No. 2009-CR-6566, styled *State of Texas v. Jason Miears*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

issuance of the writ is necessary to enforce our jurisdiction. *See id*.; *see also Silva v. Klevenhagen*, 833 S.W.2d 746, 747 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Although Miears alleges that the sheriff is censoring his mail in connection with a writ of mandamus filed in this court on October 13, 2009, Miears does not allege that the sheriff has prevented him from filing a writ of mandamus with this court.[2] Because the writ Miears seeks is not necessary to enforce this court's jurisdiction, we lack jurisdiction to grant the requested relief. *See Silva*, 833 S.W.2d at 747; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 66.001, et seq. (Vernon 2008)  (seeking forth grounds on which action in nature of quo warranto is available and providing suit must be initiated by attorney general or county or district attorney).  Therefore, Miears's petition for writ of quo warranto is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[2] We note that Miears has recently filed at least four petitions for writ of mandamus with this court on September 8, 2009, September 30, 2009, October 7, 2009, and October 13, 2009.